UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SANDRA K. KEYLOR,

    Plaintiff,                               Case No. 3:16-cv-130

vs.

COMMISSIONER OF                      District Judge Walter H. Rice
SOCIAL SECURITY,                     Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply memorandum (doc. 11), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of November 17, 2007. PageID 312-19. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the lumbar spine and anxiety. PageID 81. After initial denial of her applications, Plaintiff received a hearing before ALJ Irma Flottman on March 10, 2014. PageID 100-32. The ALJ issued a written decision on September 11, 2014 finding Plaintiff not disabled. PageID 79-90. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 56-61. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 79-90), Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

# II.

## A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.    **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

3

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly: (1) weighing the opinion of her treating pain management specialist Krishna Reddy, M.D.; and (2) assessing her credibility. Doc. 8 at PageID 1955-60. Finding Plaintiff's first alleged error to be well taken, the undersigned does not address the merits of her second alleged error.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's]

4

medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c),

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

*i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, Dr. Reddy, who treated Plaintiff since January 2009, completed an assessment of Plaintiff's ability to perform work-related activities on January 16, 2014. PageID 1860-68. Dr. Reddy opined that, because of Plaintiff's impairments, she would be unable to, among other work-related limitations, lift more than 10 pounds occasionally and 5 pounds frequently; stand for more than 1 hour per workday and 15 minutes without interruption; and sit more than 4 hours per workday and not more than 30 minutes without interruption. The vocational expert ("VE") who testified at Plaintiff's administrative hearing concluded that an individual who could only stand or walk an hour per workday, and sit a maximum of four hours per workday, could not maintain full-time employment. PageID 131.

Despite the fact that Dr. Reddy is a treating pain management specialist, the ALJ never specifically mentioned the concept of controlling weight or specifically declined to afford this treaters' opinion controlling weight. PageID 88; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that the regulations are designed to "ensure[ ] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule"). Such failure is error where the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when weighing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013); *Chrismon v. Colvin*, 531 F. App'x 893, 900 (10th Cir. 2013). While such failure can constitute harmless error, in this case, the reasons given in affording Dr. Reddy's opinion less than controlling weight -- and ultimately "little weight" --

are unsupported by substantial evidence. *See Martin v. Colvin*, 207 F. Supp. 3d 782 (S.D. Ohio 2016).

The ALJ gave Dr. Reddy's opinion "little weight" based solely upon the conclusory assessment that such opinion is "not supported by the relatively mild objective findings and routine mental health treatment." *Id*. With regard to Plaintiff's severe lumbar spine condition, the most recent imaging findings in January 2013 revealed "[l]eft chronic L5 radiculopathy." PageID 1855. Subsequently, in February 2013, a physical examination of Plaintiff's back revealed paralumbar tenderness with palpation over the left-sided paraspinal muscles; pain with palpation over the left lateral hip and pelvis; left-sided joint tenderness to palpation; and lower left and right back pain with straight leg raises. PageID 1648. Significantly, no medical evidence of record characterizes these objective and clinical findings as "relatively mild," and record-reviewing physicians Esberado Villanueva, M.D. and Gerald Klyop, M.D. -- whose opinions the ALJ gave "great weight"[5] -- offered their opinions without the opportunity to review these more recent imaging and clinical findings.[6] *See* PageID 87. Therefore, it appears that the ALJ minimized these objective and clinical findings by inappropriately interpreting the severity

---

[5] Notably, in weighing these opinions, the ALJ set forth nothing more than a bare conclusory assessment that they "are consistent with the medical evidence of record." PageID 87. Such conclusory analysis fails to meet the requirements of the Commissioner's regulations and is error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-CV-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014), *report and recommendation adopted*, No. 3:13-CV-135, 2014 WL 4443286 (S.D. Ohio Sept. 8, 2014).

[6] Opinions of non-examining sources "can be substantial evidence '[i]n appropriate circumstances' to discount the opinion of examining and treating sources[.]" *Kaylor v. Astrue*, No. 08-415-GWU, 2009 WL 2473630, at *5 (E.D. Ky. Aug. 11, 2009); *see also Ott v. Comm'r of Soc. Sec.*, No. 1:08-cv-399, 2009 WL 3199064, *8 (S.D. Ohio Sept. 29, 2009). However, a non-examining doctor must have had "access to the entire body of medical evidence." *Kaylor*, 2009 WL 2473630 at *5; *see also Ward v. Astrue*, No. 09-199-GWU, 2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010). Here, neither Dr. Villanueva nor Dr. Klyop reviewed the EMG showing "left chronic L5 radiculopathy" or the subsequent post-operative clinical findings in February 2013, because such findings post-date both of their opinions. PageID 1855. Therefore, such opinions cannot provide substantial evidence upon which an ALJ can base a non-disability finding. *Cf. Moody v. Comm'r of Soc. Sec.*, No. 14-CV-224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016); *Washington v. Comm'r of Soc. Sec.*, No. 3:15-CV-367, 2016 WL 6694199, at *5 (S.D. Ohio Nov. 15, 2016), *report and recommendation adopted sub nom. Washington v. Colvin*, No. 3:15-CV-367, 2016 WL 7494887 (S.D. Ohio Dec. 30, 2016).

of such raw medical data, a task the ALJ is not entitled to perform. *See Martin*, 207 F. Supp. 3d at 791.

Based upon these objective and clinical findings, it is unclear to the undersigned why a finding of "left chronic L5 radiculopathy" fails to support Dr. Reddy's opinion concerning Plaintiff's physical limitations and why his opinion should not be entitled to controlling weight. Even assuming, *arguendo*, that such opinion is not entitled to controlling weight, analysis of the deferential weight factors in 20 C.F.R. § 404.1527(c) reveals that Dr. Reddy's opinion may, at the least, be entitled to deferential weight in light of the fact that he has treated Plaintiff since 2009 and he is a specialist in pain management. *See* PageID 1569-72.

Accordingly, based upon all of the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence and should be reversed.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits.

8

Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). Here, the undersigned finds that evidence of disability is not overwhelming in light of some inconsistencies with the opinion rendered by treating physician Soundari Gurusamy, M.D.[7] Therefore a remand for further proceedings is proper.

V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  April 27, 2017          s/ Michael J. Newman
                               Michael J. Newman
                               United States Magistrate Judge

---

[7] Notably, Plaintiff does not challenge the ALJ's assessment of Dr. Gurusamy's opinion on appeal.

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).